UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY BLEWITT, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| BRIAN MALLIN, | ) | |
| UNKNOWN DEFENDANT OFFICERS, | ) | Jury Demand |
| RYAN SCHOLZ, GLADYS WILDON, | ) | |
| UNIVERSITY OF ILLINOIS HOSPITAL | ) | |
| & HEALTH SCIENCES SYSTEM, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago.

5. BRIAN MALLIN STAR 735 and UNKNOWN DEFENDANT OFFICERS (Defendant-Officers) are duly appointed and sworn University of Illinois at Chicago (UIC) police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. University of Illinois at Chicago (UIC) is the employer and principal of the Defendant-Officers.

8. On September 19, 2013, Defendant RYAN B. SCHOLZ, D.O., was a physician in the emergency department of Defendant UNIVERSITY OF ILLINOIS HOSPITAL & HEALTH SCIENCES SYSTEM (UIHHSS).

9. On September 19, 2013, Defendant GLADYS WILDON, R.N., was a nurse in the emergency department of Defendant UIHHSS.

10. UIHHSS is the employer and principal of Defendants SCHOLZ and WILDON.

11. Alternatively, Defendants SCHOLZ and WILDON were apparent agents of UIHHSS, authorized to provide medical services on behalf of UIHHSS.

**Facts**

12. On September 19, 2013, Plaintiff was a 23-year-old resident of Chicago and UIC graduate.

13. On September 19, 2013, Plaintiff was walking with friends on Halsted Street near Roosevelt in the City of Chicago.

14. Defendant-Officers stopped Plaintiff, along with his friends, and demanded Plaintiff's name and destination.

15. Plaintiff chose to remain silent.

16. Plaintiff continued to walk north on Halsted Street.

17. Defendant-Officers arrested Plaintiff, handcuffed him, and put him in their police car.

18. Defendant-Officers continued to interrogate Plaintiff.

19. Plaintiff chose to remain silent.

20. Defendant-Officers removed Plaintiff from the police car and slammed his face on the trunk of the police car.

21. Defendant-Officers took Plaintiff, in their police car, to the UIHHSS emergency department.

22. Defendant-Officers allowed Plaintiff's friends to continue walking home.

23. Plaintiff was the only individual arrested.

24. There was no probable cause or any other legal justification to arrest or seize Plaintiff.

25. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or

federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

26. At the hospital, Plaintiff continued to remain silent.

27. Plaintiff did not consent to being admitted or treated at the UIHHSS emergency department.

28. Plaintiff attempted to leave the hospital.

29. Defendant-Officers seized Plaintiff, handcuffed Plaintiff and brought him back to the UIHHSS emergency department.

30. Plaintiff remained in the Defendant-Officers' custody at the UIHHSS emergency department.

31. Plaintiff stated to UIHHSS emergency department personnel, including Defendant SCHOLZ and WILDON, and the Defendant-Officers that he did not consent to his blood being drawn.

32. The Defendant-Officers insisted that the UIHHSS medical personnel perform a toxicological screen on Plaintiff.

33. SCHOLZ ordered Plaintiff's blood drawn against Plaintiff's will and without his consent.

34. WILDON drew Plaintiff's blood, following SCHOLZ's orders.

35. UIHHSS emergency department personnel demanded Plaintiff give a urine sample.

36. SCHOLZ ordered Plaintiff's urine collected.

37. Plaintiff objected to giving a urine sample.

38. SCHOLZ ordered Plaintiff's urine collected against Plaintiff's will and without his consent.

39. UIHHSS emergency department personnel, including SCHOLZ and WILDON, threatened to take Plaintiff's urine by catheter.

40. Under duress of these threats, Plaintiff gave a urine sample.

41. WILDON collected a urine sample form Plaintiff, following SCHOLZ's orders.

42. UIHHSS medical personnel, including and at the direction of SCHOLZ, conducted toxicological tests on Plaintiff's blood and urine.

43. Plaintiff did not consent to these medical procedures.

44. UIHHSS medical personnel, including and at the direction of SCHOLZ, performed these medical procedures over Plaintiff's objection.

45. There was no medical emergency requiring the Defendants SCHOLZ and WILDON to perform these medical procedures on Plaintiff against his will and without his consent.

46. Defendant-Officers and UIHHSS medical personnel contacted Plaintiff's father.

47. Plaintiff was released from the Defendant-Officers' custody when Plaintiff's father came to the UIHHSS emergency department.

48. At some point during the above events, Defendant-Officers and/or UIHHSS medical personnel threatened Plaintiff that he would be expelled from UIC.

49. Defendant-Officers notified various UIC officials, including the Vice Chancellor for Administration, Vice Chancellor for Student Affairs, and Dean of Student Affairs, about the incident.

50. Defendant-Officers falsely reported the incident in the police report.

51. Defendant-Officers sent these false reports to the UIC officials.

52. Defendant-Officers conspired and acted together to cover up the false arrest, illegal seizure, and illegal search of Plaintiff without probable cause or legal authority.

53. Defendant-Officers made out false and incomplete official reports and gave a false and incomplete version of the event to other UIC officials in order to cover up their misconduct and harm Plaintiff.

54. UIHHSS charged Plaintiff approximately $1,900.00 for the above-described medical procedures performed on Plaintiff against his will.

55. SCHOLZ charged Plaintiff for the physician services for the medical procedures he performed on Plaintiff against his will.

56. Each individual Defendant-Officer personally participated in the unlawful conduct, and acted jointly and in concert with the other Defendants who participated or acquiesced in the unlawful conduct.

57. Each individual Defendant-Officer knew of and condoned the unlawful conduct, and/or failed to intervene to stop other law enforcement officers from engaging in the unlawful conduct.

58. As a direct and proximate result of the acts of the Defendants described above,

Plaintiff suffered physical and emotional damages, including loss of physical liberty, physical pain and suffering, and emotional distress, and pecuniary damages, including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

59. Plaintiff realleges paragraphs 1 through 58 as if fully set forth herein.
60. Defendant-Officers seized Plaintiff.
61. Plaintiff was not free to leave.
62. Defendant-Officers did not have a reasonable suspicion, based on specific and articulable facts, or probable cause, that Plaintiff had committed a crime or was about to commit a crime.
63. Defendant-Officers did not have any other legal justification to seize Plaintiff.
64. The seizure of Plaintiff without reasonable suspicion, probable cause or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,
b) Award Plaintiff compensatory and punitive damages,
c) Award attorneys' fees and costs, and
d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest)

65. Plaintiff realleges paragraphs 1 through 58 as if fully set forth herein.
66. Defendant-Officers arrested Plaintiff.
67. Defendant-Officers did not have an arrest warrant, probable cause, or any other legal justification to arrest Plaintiff.
68. The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a)     Enter judgment against Defendant-Officers,

    b)     Award Plaintiff compensatory and punitive damages,

    c)     Award attorneys' fees and costs, and

    d)     Award any further relief that this Honorable Court deems just and equitable.

### COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

69.     Plaintiff realleges paragraphs 1 through 58 as if fully set forth herein.

70.     Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a)     Enter judgment against Defendant-Officers,

    b)     Award Plaintiff compensatory and punitive damages,

    c)     Award attorneys' fees and costs, and

    d)     Award any further relief that this Honorable Court deems just and equitable.

### COUNT IV
### (42 U.S.C. § 1983 – Unreasonable Search of Person)

71.     Plaintiff realleges paragraphs 1 through 58 as if fully set forth herein.

72.     Searching Plaintiff, by directing UIHHSS medical personnel to collect Plaintiff's blood and urine for a toxicology screen, without probable cause or any other legal justification, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a)     Enter judgment against Defendant-Officers,

    b)     Award Plaintiff compensatory and punitive damages,

    c)     Award attorneys' fees and costs, and

    d)     Award any further relief that this Honorable Court deems just and equitable.

### COUNT V
### (42 U.S.C. § 1983 – Failure to Intervene)

73.     Plaintiff realleges paragraphs 1 through 58 as if fully set forth herein.

74. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

75. While Plaintiff was subjected to an unreasonable search, as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

76. While Plaintiff was subjected to an unreasonable seizure and false arrest, as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

77. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force, false arrest, unreasonable seizure and unreasonable search.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)   Enter judgment against Defendant-Officers,

b)   Award Plaintiff compensatory and punitive damages,

c)   Award attorneys' fees and costs, and

d)   Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### (State Law Claim for Medical Battery)

78. Plaintiff realleges paragraphs 1 through 58 as if fully set forth herein.

79. SCHOLZ and WILDON collected Plaintiff's blood, urine and performed toxicological tests without Plaintiff's consent and against Plaintiff's will.

80. Plaintiff suffered physical discomfort and emotional distress as a result.

81. SCHOLZ and WILDON's unconsented contact caused Plaintiff's injuries.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)   Enter judgment against SCHOLZ and WILDON,

b)   Award Plaintiff compensatory and punitive damages,

c)   Award costs, and

d)   Award any further relief that this Honorable Court deems just and equitable.

## COUNT VII
### (State Law *Respondeat Superior* Claim)

82. The acts of Defendants SCHOLZ and WILDON described in the above state-law claims were intentional, and committed in the scope of employment and/or agency.

83. Pursuant to *respondeat superior*, Defendant UIHHSS is liable for its agents'

actions.

WHEREFORE, Plaintiff demands judgment against Defendant UIHHSS, and such other and additional relief that this Honorable Court deems just and equitable.

**Jury Trial Demanded.**

                                                                                     Respectfully submitted,

                                                                                     /s/ Lawrence V. Jackowiak
                                                                                     *Counsel for the Plaintiff*

                                                                                     /s/ Amanda S. Yarusso
                                                                                     *Counsel for the Plaintiff*

Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595