IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY BLEWITT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 5986 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| BRIAN MALLIN, UNKNOWN DEFENDANT | ) | |
| OFFICERS, RYAN SCHOLZ, GLADYS | ) | |
| WILDON, UNIVERSITY OF ILLINOIS | ) | |
| HOSPITAL and HEALTH SCIENCES SYSTEM, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On August 5, 2014, Plaintiff Timothy Blewitt filed a seven-count complaint asserting claims under 42 U.S.C. § 1983 and Illinois law. Plaintiff alleges that defendant Brian Mallin and other unknown defendant police officers violated his Fourth Amendment right against unreasonable seizure (Count I), false arrest (Count II), excessive force (Count III), and unreasonable search (Count IV), as well as failed to intervene to stop these constitutional violations (Count V). Plaintiff also alleges that Ryan Scholz, a physician at the University of Illinois Hospital and Health Sciences System ("UIHHSS"), and Gladys Wildon, a nurse at UIHHSS, committed medical battery (Count VI), and that UIHHSS is liable for their tortious acts pursuant to the doctrine of respondeat superior (Count VII). Defendants have filed the instant motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). For the following reasons, defendants' motion to dismiss is denied in part and granted in part.

# BACKGROUND[1]

Plaintiff alleges that while walking with friends on Halsted Street near Roosevelt Road in Chicago on September 19, 2013, defendant police officers stopped plaintiff and requested his name and where he was headed. Plaintiff asserts that he chose not to answer the officers and continued walking with his friends. Thereafter, defendant police officers arrested plaintiff, handcuffed him, and put him into a police car. Plaintiff contends that there was no probable cause for his arrest. Plaintiff's friends were not arrested. Plaintiff alleges that the officers continued to "interrogate" him while in the police car, and subsequently removed him from the car and "slammed his face on the trunk of the police car." Defendant officers then took plaintiff to the emergency department at UIHHSS where, without plaintiff's consent, he was admitted and treated.

Plaintiff alleges he attempted to leave the hospital, but was seized by defendant officers, handcuffed, and returned to the emergency department. Plaintiff allegedly informed UIHHSS emergency department personnel, including defendants Scholz and Wildon, that he did not consent to his blood being drawn or urine being collected. Nonetheless, at Scholz's direction, Wildon drew plaintiff's blood, forced plaintiff to provide a urine sample, and ran toxicological tests. Plaintiff asserts that there was no medical emergency requiring the medical procedures to be performed without his consent. Following these tests, defendant officers and UIHHSS personnel contacted plaintiff's father. Plaintiff was released from defendant officers' custody when his father arrived at the hospital.

---

[1] The following facts are taken from plaintiff's complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

Plaintiff also alleges that during these events, defendant officers and/or UIHHSS medical personnel threatened plaintiff that he would be expelled from the University of Illinois at Chicago ("UIC").  Plaintiff alleges that defendant officers alerted UIC officials of the incident, falsely reported the incident in a police report, and provided UIC officials with the false report.  UIHHSS allegedly charged plaintiff $1,900.00 for his time in the emergency department.  Plaintiff alleges that he suffered physical and emotional damages as a result of the acts described above.

## DISCUSSION

### I. Legal Standards

Under Rule 12(b)(1), a court must dismiss any action for which it lacks subject matter jurisdiction.  As with a motion to dismiss pursuant to Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in plaintiff's favor.  Scanlan v. Eisenberg, 669 F.3d 838, 841 (7th Cir. 2012); see also Mutter v. Madigan, No. 13-CV-8580, 2014 WL 562017, at *2 (N.D. Ill. Feb. 13, 2014).  However, plaintiff bears the burden of establishing that the elements necessary for jurisdiction, including standing, have been met.  Scanlan, 669 F.3d at 841-42.  "In ruling on a 12(b)(1) motion, the court may look outside of the complaint's allegations and consider whatever evidence has been submitted on the issue of jurisdiction."  Mutter, 2014 WL 562017, at *2; see also Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir. 1995).

### II. Analysis

Defendants argue that plaintiff's complaint must be dismissed in its entirety pursuant to Rule 12(b)(1), because his claims are barred by the Eleventh Amendment and the doctrine of

3

sovereign immunity. The Eleventh Amendment states, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment "bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." Council 31 of the Am. Fed'n of State, Cnty. & Mun. Employees v. Quinn, 680 F.3d 875, 881 (7th Cir. 2012) (internal quotations omitted). Notwithstanding the Eleventh Amendment bar, a state may be sued where: (1) the state consents to the suit; (2) Congress, acting under its constitutional authority, abrogates immunity when drafting a federal law; or (3) a private party sues an individual state official for prospective relief to enjoin ongoing violations of federal law, as established in Ex parte Young, 209 U.S. 123 (1908). Id. at 882.

### A. Constitutional Claims

With respect to plaintiff's constitutional claims, defendants argue that Mallin and the other unnamed police officer defendants are employed by the University of Illinois and therefore state employees. Defendants contend that even though plaintiff sued defendant police officers in their individual capacities, plaintiff's allegations that defendants were "acting in the course and scope of [their] employment," and the fact that Illinois state law provides for the indemnification of state employees, transforms plaintiff's action into one against the State of Illinois. As such, defendants argue that plaintiff's constitutional claims are barred by Illinois state law and the Eleventh Amendment.

In response, plaintiff argues that "a claim against an individual state employee sued in his individual capacity is not a claim against the State of Illinois," even if the state chooses to

4

indemnify the employee. Moreover, plaintiff contends that the Illinois Court of Claims Act, 705 ILCS 505/8(d), which gives the Illinois Court of Claims exclusive jurisdiction over damages claims against the state in cases sounding in tort, does not apply to his constitutional claims under Section 1983. Because the court agrees with plaintiff, defendants' motion to dismiss as to Counts I through V is denied.

The Supreme Court has held that Section 1983 is not an exception to state sovereign immunity. Quern v. Jordan, 440 U.S. 332, 342-45 (1979); see also Thomas v. State of Illinois, 697 F.3d 612, 613 (7th Cir. 2012). However, plaintiff's Section 1983 claims are not aimed at the State of Illinois, but instead are against defendant police officers in their individual capacities. As plaintiff notes, this district, and the majority of other districts, has held that state indemnification of an employee does not convert a claim against an individual into one against the state. See, e.g., Benning v. Bd. of Regents of Regency Universities, 928 F.2d 775, 779 (7th Cir. 1991); Rubacha v. Coler, 607 F. Supp. 477, 481 (N.D. Ill. 1985). The Seventh Circuit held in Benning, in which three defendants were sued in their individual capacities, that "the state cannot manufacture immunity for its employees simply by volunteering to indemnify them." Benning, 928 F.2d at 778; see also Rubacha, 607 F. Supp. at 481 ("To hold otherwise would give the State carte blanche to provide a meaningless kind of paper protection – granting an 'indemnification' that would, by its very existence, destroy the liability to which indemnity purportedly extends."). As such, defendants' reliance on Edelman's holding that a "suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment," is misplaced. Edelman v. Jordan, 415 U.S. 651 (1974).

Contrary to defendants' arguments, plaintiff's allegations that defendant police officers were acting within the scope of their employment does not transform the nature of his complaint to one against the State of Illinois. The cases cited by defendants in support of this faulty proposition are inapplicable to plaintiff's Section 1983 claims because each of the cases involved state law claims, not alleged constitutional violations. For example, defendants rely on Turpin v. Koropchak, 567 F.3d 880, 882 (7th Cir. 2009), to argue that "[w]here an alleged act of misconduct arose out of the State employee's breach of a duty that is imposed solely by virtue of his State employment, sovereign immunity will bar maintenance of the action in any court other than the Illinois Court of Claims." While the plaintiff in Turpin did in fact sue defendants in their individual capacities, the case is inapposite here because Turpin brought only state law claims, not constitutional claims. Harvis v. Bd. of Trustees of Univ. of Illinois, 744 F. Supp. 825 (N.D. Ill. 1990), also involved state tort claims. Because plaintiff has sued defendant police officers in their individual capacities, the court will not consider defendants' arguments concerning Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), in which the defendant was sued in his official capacity.

Finally, plaintiff's Section 1983 claims are not subject to the Illinois Court of Claims Act, 705 ILCS 505/8(d). The Illinois statute, even as quoted in defendants' motion, specifically limits the act to state law claims. The act provides that the Illinois Court of Claims "shall have exclusive jurisdiction to hear and determine . . . [a]ll claims against the State founded upon any law of the State of Illinois" and "[a]ll claims against the State for damages in cases sounding in tort." 705 ILCS 505/8(a), (d). As held in Sebesta v. Davis, No. 12-C-7834, 2013 WL 5408796, at *2 (N.D. Ill. Sept. 26, 2013), the Illinois Court of Claims Act "does not apply to federal claims

6

filed in federal court." See also Hampton v. City of Chicago, 484 F.2d 602, 607 (7th Cir. 1973) ("Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law.").

For these reasons, defendants' motion to dismiss as to Counts I through V is denied.

B.     **State Law Claims**

Defendants argue that plaintiff's state law claims against defendants Scholz, Wildon, and UIHHSS are also barred by Illinois state law and the Eleventh Amendment. Defendants first contend that "UIHHSS is not a legal entity capable of being sued," and that the proper entity is The Board of Trustees of the University of Illinois ("Board"). Because the Board is an instrumentality of the State of Illinois, defendants argue that plaintiff's suit is bared by sovereign immunity and the Illinois Court of Claims Act. Defendants also argue that plaintiff's claims against Scholz and Wildon in their individual capacities are actually claims against the state, and therefore prohibited.

As with Counts I through V, defendants once again incorrectly apply the Illinois Court of Claims Act in an attempt to bar Count VI. "Under the Erie doctrine, state rules of immunity govern actions in federal court alleging violations of state law." Benning, 928 F.2d at 777-78, citing Erie R.R. v. Tompkins, 304 U.S. 64 (1938). The Illinois Court of Claims Act, as discussed above, provides exclusive jurisdiction to the Illinois Court of Claims over tort actions filed by private parties against the state in both state and federal court. 705 ILCS 505/8(d); see also Benning, 928 F.2d at 779 ("Illinois has enacted a statute granting its court of claims exclusive jurisdiction over tort suits against the state."). However, this statute alone is not dispositive because a suit against a state employee in his individual capacity is not necessarily a suit against

7

the sovereign. Defendants, nonetheless, cite to cases establishing that under Illinois law "suits against individuals who act within the scope of their employment are deemed to be suits against the state actionable only in the court of claims." Benning, 928 F.2d at 779, citing Healy v. Vaupel, 133 Ill.2d 295 (1990) (holding that the cause of action is only nominally against a state employee where plaintiff does not allege that defendants acted outside their scope of authority or violated a statutory or constitutional law); see also Turpin, 567 F.3d at 883-84. Because plaintiff has alleged that defendants Scholz and Wildon committed the supposedly tortious conduct in the scope of their employment, defendants argue that, under Illinois law, plaintiff's claim for medical battery is actually against the state.

Defendants fail to address plaintiff's argument that "claims against individual medical providers, employed by the State, should not be dismissed under the doctrine of sovereign immunity." In Janes v. Albergo, 626 N.E.2d 1127, 1137 (Ill. App. 1st Dist. 1993), which is cited by plaintiff but not addressed by defendants, the Illinois Appellate Court held that the state Court of Claims Act did not bar the plaintiff's claims against the defendant doctors and nurses employed by a state health care facility because the defendants' duties were derived from their status as licensed health care providers, and was not dependent on their employment with the state. Similarly, in Watson v. St. Annes Hospital, 386 N.E.2d 885 (Ill. App. 1st Dist. 1979), the state appellate court held that the circuit court had jurisdiction over plaintiff's action alleging improper medical treatment against several doctors and nurses who were employed by the University of Illinois, finding that the defendants' duties to the plaintiff were the same duties owed by every physician and nurse to every patient. Here, plaintiff alleges that defendants Scholz and Wildon breached a duty owed to all patients, and not just a duty that was unique to

8

their employment with the state.  See, e.g., Turpin, 567 F.3d at 883 ("The question to ask . . . is whether the defendant breached a duty owed by all citizens, or whether he breached a duty held uniquely by State employees holding the job at issue.").  Accordingly, under Illinois law, plaintiff's claim against Scholz and Wildon in their individual capacities is not a claim against the state and not barred by state law or the doctrine of sovereign immunity.

In support of their position that UIHHSS is not a legal entity capable of being sued, defendants attach as Exhibit A to their reply brief an internet printout of a record from the United States Patent and Trademark Office.  As discussed above, in ruling on a 12(b)(1) motion, the court may look outside of the complaint's allegations and consider whatever evidence has been submitted on the issue of jurisdiction.  Ezekiel, 66 F.3d at 897.  Exhibit A indicates that UIHHSS is a word mark owned by the Board.  Moreover, the name UIHHSS itself indicates that it is a part of the University of Illinois.  Because it is well-established in this district that state universities are state agencies that are immune under the Eleventh Amendment to any claim for damages,[2] Count VII of plaintiff's complaint is dismissed.

## CONCLUSION

For the reasons discussed above, the court denies defendants' motion to dismiss as to Counts I through VI and grants defendants' motion to dismiss Count VII.  Defendants are directed to answer the complaint's remaining claims on or before December 23, 2014.  The

---

[2]  See, e.g., Cannon v. Univ. of Health Sciences/The Chicago Med. Sch., 710 F.2d 351, 356-57 (7th Cir. 1983); Mutter, 2014 WL 562017, at *3 ("Courts have routinely recognized that state universities, as well as their governing bodies, are protected from suit under the Eleventh Amendment.").

parties are directed to prepare and file a Joint Status Report using this court's form on or before January 5, 2015.

**ENTER:** December 1, 2014

_____
**Robert W. Gettleman**
**United States District Judge**